[No. 38551.  En Banc.  November 17, 1966.]

RICHARD W. THYMIAN et al., *Respondents,* v. CLARENCE F. MASSART et al., *Appellants.*\*

*A. L. Newbould, G. Grant Wilcox,* and *Jorgen G. Bader,* for appellants.

*Kumm, Maxwell, Petersen & Lee,* by *Raymond J. Petersen,* for respondents.

FINLEY, J.—The precise issue presented by the instant fact pattern was raised in a companion case, *Kasper v. City of Edmonds, ante* p. 799, 420 P.2d 346 (1966). Thus, we are once again concerned with the meaning and effect to be

\*Reported in 420 P.2d 351.

given to the words "total cost of the improvement" as they appear in RCW 35.43.180, the statute which provides for the restraint of local improvement projects by protest of property owners within the proposed local improvement district.

The salient facts of this case differ only slightly from those in *Kasper, supra*. In the present case, the city of Seattle, by ordinance 93669, ordered the creation of Local Improvement District No. 6314 and the initiation of what is known as the "Broadview Project." The project was to combine the installation of storm drains, the paving of streets, the laying of concrete sidewalks, and various other improvements. The estimated total cost of the project was established to be $2,560,443.17, of which the city of Seattle was to contribute $492,980, and $2,067,463.17 was to be assessed against property within the local improvement district. Within 30 days after ordinance 93669 was enacted, and in accordance with the provisions of RCW 35.43.180, protests were filed by owners of property subject to assessments in the amount of $1,277,671.25. This figure is approximately 60.19 per cent of that portion of the total cost of the project to be assessed against property within the district, including publicly owned property, and is approximately 49.90 per cent of the total cost of the project. Respondent property owners filed a petition for a writ of prohibition in the Superior Court for King County, seeking to restrain the city from further proceedings with Local Improvement District No. 6314. The trial court granted the writ, and the city of Seattle has appealed.

■ We are convinced that "total cost of the improvement," as it appears in RCW 35.43.180, refers to the assessed cost as borne by the property owners whose property is benefited, and that properly filed protests representing 60 per cent of this figure deprive a municipality of jurisdiction to proceed further with a proposed local improvement project. We are therefore convinced that the learned trial judge, The Honorable Eugene A. Wright, was correct in issuing the writ of prohibition. For the reasons indicated

in the *Kasper* opinion, *supra,* the judgment of the trial court is in all respects hereby affirmed.

ROSELLINI, C. J., HILL, DONWORTH, WEAVER, HUNTER, HAMILTON, and HALE, JJ., and BARNETT, J. Pro Tem., concur.