[No. 5289–1.   Division One.   August 14, 1978.]

RODERICK E. ESPING, ET AL, *Appellants,* v. PHYLLIS D. PESICKA, ET AL, *Respondents.*

TUKWILA ASSOCIATES, *Appellant,* v. DWIGHT R. GARDNER, ET AL, *Respondents.*

*Dobson, Houser & Dobson,* by *Wyman K. Dobson,* for appellants.

*LeSourd, Patten, Fleming & Hartung, Lawrence E. Hard,* and *Warren T. Chapman,* for respondents.

JAMES, J.—Our opinion filed in this cause on April 3, 1978, *Esping v. Pesicka,* 19 Wn. App. 646, 577 P.2d 152, affirmed the trial court in rejecting a challenge to a local improvement district established by the City of Tukwila. We granted appellants' petition for rehearing because of an error in the opinion's recitation of the facts.

We stated at page 648, "Neither Smith nor his predecessor have developed the property." In fact, Tukwila granted Smith building permits in 1975 and he has constructed apartment buildings upon property located within the proposed LID boundaries. Smith has not been required to provide the utilities and improvements in the streets adjoining his property as contemplated by the "Property Use and Development Agreement" pending the outcome of this litigation. The City will, however, require Smith to make the improvements if formation of the LID is enjoined.

As stated in our earlier opinion, appellants contend that Smith's obligation to pay for improvements to the streets which abut his property is an asset of ascertainable cash value. Appellants argue that by including the amount of Smith's assessment for the same improvements, the City has in effect made a cash contribution to the total cost of the LID. We do not agree.

The companion cases of *Kasper v. Edmonds,* 69 Wn.2d 799, 420 P.2d 346 (1966) and *Thymian v. Massart,* 69 Wn.2d 806, 420 P.2d 351 (1966), upon which appellants rely, hold that a municipality may not dilute LID protestors' right of protest by contributing "public funds," *Kasper,* at 802, to the "total cost of the improvement" as contemplated by RCW 35.43.180.

After numerous and extensive hearings, Tukwila's city council determined that the City's interests would best be served by the formation of a comprehensive local improvement district. The improvements proposed include but are more extensive than those specified in the agreement with Smith's predecessor. The "total cost" of the improvements

will be paid only by assessments against properties bene-fited by the improvements and owned by persons entitled to file formal protests. No "public funds" derived from other sources will be contributed to the project.

█ We are satisfied that Tukwila has not been guilty of the malpractice condemned in *Kasper* and *Thymian.* Its decision to relinquish its contractual right to require Smith to improve the streets abutting his property in favor of what it conceived to be a better and more comprehensive city development plan reflects an exercise of administrative discretion. In so deciding, Tukwila has not made the right to protest "almost illusory" by contributing public funds to the project. *Kasper,* at 802. As stated in *Thymian,* at 807, the "total cost of the improvement" as those words are used in RCW 35.43.180 "refers to the assessed cost *as borne by the property owners whose property is benefited".* (Italics ours.) No public funds have been used by Tukwila to "destroy the possibility of protest." *Kasper,* at 802.

Tukwila's decision cannot be judicially condemned as arbitrary or capricious. We find no abuse of discretion. We, therefore, adhere to our April 3, 1978, opinion.

ANDERSEN, A.C.J., concurs.

RINGOLD, J. (dissenting)—In my opinion the principle enunciated in *Kasper v. Edmonds,* 69 Wn.2d 799, 420 P.2d 346 (1966) and *Thymian v. Massart,* 69 Wn.2d 806, 420 P.2d 351 (1966) compels reversal of the trial court and I respectfully dissent. The commencement of development on the Smith property had the effect of converting an inchoate right to a present right to the improvements enforceable by the City against Smith according to the terms of the PUD. *See Esping v. Pesicka,* 19 Wn. App. 646, 650, 577 P.2d 152 (1978). In my view the total cost of the improvements con-templated by the LID should be computed excluding the cost of improvements which Smith is obligated by the PUD to provide.

It is not necessary that the value of the improvements Smith is obliged to provide be considered "public funds" in order for the principle of the *Kasper* and *Thymian* cases to apply. The gist of those cases appears in *Kasper* at page 803.

> It seems very unlikely that the legislature would put the power to prohibit protests completely in the unguided discretion of cities and towns. The right of protest is the property owners' limitation on a municipality's power of assessment; in the absence of a clear statement, should a municipality be allowed to control its own limitations?

(Footnote omitted.) The power of a municipality to include in the total cost computation the value of an improvement to which it is already entitled constitutes just as great a control of its own limitations as the power of a municipality to contribute its own funds to the total cost; the rights of the remaining property owners are manipulated by the municipality in either case. Both of these methods of computation are violative not only of the principle of the *Thymian* and *Kasper* cases, but also of the praecept fundamental to our system of government that ours is a government of laws, not of men. *Marbury v. Madison,* 5 U.S. (1 Cranch) 137, 163, 2 L. Ed. 60 (1803).

The wisdom of the LID, its usefulness, its efficiency and the advantages of proceeding by formation of the LID are not before us. The only question is, under the statute permitting the formation of an LID how is the "total cost" of the project determined?

The majority opinion speaks in terms of malpractice, abuse of discretion, arbitrariness and capriciousness. When an error of law has been made, there is no need for any such showing. Whether or not there was legerdemain in this case, unlimited discretion invites it.

Reconsideration denied October 17, 1978.

Review granted by Supreme Court February 16, 1979.